# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| PENNY E. McCLURE MICHAUD, ET AL. | CIVIL ACTION NO. 01-2088 |
| -vs- | JUDGE LITTLE |
| FARMERS INSURANCE COMPANY, INC., ET AL. | |

## MEMORANDUM RULING

Before the court are the parties' responses to this court's Order/Request for Parties to Brief Jurisdictional Inquiry [Doc. #65] regarding whether this court should remand this case due to lack of subject matter jurisdiction. After a multiple car accident in Grant Parish, Louisiana, the Plaintiffs, Penny E. McClure Michaud, et al., filed this suit against the defendants and, post-removal, joined two non-diverse defendants (the "Griffin Defendants"). Seacor Marine Inc. ("Seacor"), the employer of one of the diverse defendants, Jerry D. Hatfield, filed a Memorandum in Support of Jurisdiction [Doc. #66] in response to the court's Order, seeking dismissal of the non-diverse Griffin Defendants under FED. R. CIV. P. 21 and the denial of remand. The Plaintiffs timely filed an opposition memorandum [#67] admitting that they joined the non-diverse Griffin Defendants, but have objected to their dismissal because they would suffer prejudice without them and claim that the Griffin Defendants have become necessary parties and, instead, have sought remand. For the following reasons, this case is REMANDED for lack of subject matter jurisdiction.

**BACKGROUND**

On 23 July 2001, Penny E. McClure Michaud, individually and on behalf of Kathy Michelle McClure and Justin Blake McClure, and Brian Michaud, individually and on behalf of Kristian Michelle Michaud (collectively, "Plaintiffs"), filed their Original Petition for Damages ("Petition") in the 35th Judicial District Court, Grant Parish, Louisiana, against Jerry D. Hatfield ("Hatfield") and his insurer, Farmers Insurance Company, Inc. ("Farmers"). The Plaintiffs contend that on 2 August 2000, they were driving in Grant Parish when their car was rear-ended by Hatfield's truck. They claim that they were all injured by Hatfield's negligence and allege that he and Farmers are jointly and severally liable for damages for past, present, and future medical expenses, pain and suffering, mental anguish, dysfunction, and loss of consortium.

On 12 October 2001, Farmers removed the Petition to this court due to diversity under 28 U.S.C. § 1332(a). On 12 March 2003, the Plaintiffs filed a Motion for Leave to File First Supplemental, Amended and Restated Petition [#16]. With no opposition, this court granted the Plaintiffs leave to amend on 18 March 2003 [#18]. The First Amended Petition [#19] added three defendants, two of whom are non-diverse. Raymond L. Griffin ("Raymond"), the driver of the car which allegedly rear-ended Hatfield's truck after the initial accident, forcing Hatfield's truck to crash into the Plaintiffs' car again causing further injuries, and Barbara Griffin, his mother and the car's owner, are both domiciled in Dry Prong, Louisiana. The Griffins's out-of-state insurer, Allstate Insurance Company ("Allstate"), was also added (collectively, the "Griffin Defendants"). In addition, the

Plaintiffs sought damages for Penny Michaud's loss of income, earning capacity, ability to obtain health insurance, household services, enjoyment of life, and for her permanent disability. On 24 October 2003, after receiving leave, the Plaintiffs filed their Second Amended Petition [#34] adding Hatfield's employer, Seacor, and Seacor's insurer, XYZ Insurance Company (a fictional name). The Plaintiffs allege that Seacor is a foreign corporation with its principal place of business in Morgan City, Louisiana,[1] and is vicariously or jointly and severally liable because Hatfield was allegedly returning from a business trip at the time of the accident.

On 17 June 2005, this court issued an Order/Request for Parties to Brief Jurisdictional Inquiry [#65]. The court, in the process of determining Seacor's Motion for Summary Judgment [#42], had discovered that it may lack subject matter jurisdiction because the Plaintiffs joined the allegedly non-diverse Griffin Defendants on 12 March 2003. It was unclear from the Griffin Defendants' Answer [#25] whether they were actually Louisiana citizens. At that time, the Plaintiffs did not seek remand and, although this case has progressed more than two years after that point with nary a whisper of complaint by any party, this court still has a duty to examine its jurisdiction *sua sponte*. It would be

---

[1] Although Seacor admits in its Answer that it is a foreign corporation that is only authorized to do business in Louisiana, a brief search of its website shows that "Seacor Marine LLC" lists U.S. offices in both Houston, Texas, and the Morgan City, Louisiana, office that the Plaintiffs listed in their Second Amended Petition and the same address which was used for the Summons [#35] to serve Seacor through its agent for service, Lenny P. Dantin. See SEACOR Marine, *Offices Worldwide*, *at* http://www.seacormarine.com. Thus, Seacor's citizenship, at first glance, appears to be non-diverse as well because at least one of their principal places of business is in Louisiana, making them a Louisiana citizen for diversity purposes. 28 U.S.C. § 1332(c)(1) (2005). From the Louisiana Secretary of State's website, however, "Seacor Marine Inc." is the former name of Seacor Marine LLC, which is registered as a non-Louisiana LLC, domiciled with its principal office in Wilmington, Delaware, with only a registered agent in Morgan City, Louisiana, Lenny P. Dantin, making it a foreign corporation for diversity purposes. See Louisiana Secretary of State–Unofficial Business Name Search Results, *at* http://www.sec.state.la.us/cgibin/?rqstyp=CRPB&rqsdta=Seacor+Marine+Inc.

3

inappropriate to proceed with this case if this court lacks subject matter jurisdiction. Thus, the court requested that all parties brief this jurisdictional inquiry within ten days of service to determine whether the Griffin Defendants were Louisiana citizens at all relevant times and, if so, whether to deny joinder or whether to permit joinder and remand.

On 23 June 2005, Seacor filed a Memorandum in Support of Jurisdiction [#66] arguing for dismissal of the Griffin Defendants. Seacor points out that, had it been a party when the Griffin Defendants were joined, it certainly would have opposed their joinder. It claims that FED. R. CIV. P. 21 and 19 support its contention that this court should dismiss the Griffin Defendants to preserve its jurisdiction. Seacor cites Supreme Court cases regarding how joint tortfeasors, such as the Griffin Defendants, do not need to be joined in one suit because they are neither indispensable nor necessary parties under Rule 19 and, therefore, this court should exercise its discretion under Rule 21 to dismiss a dispensable non-diverse party in order to maintain its jurisdiction.

Naturally, the Plaintiffs filed a response with their Memorandum on Jurisdiction on 27 June 2005 [#67], arguing against dismissal of the Griffin Defendants and for remand. The only surprising part of their Memorandum is that the Plaintiffs basically admit that they knew that the Griffin Defendants were, at all relevant times, Louisiana citizens and, thus, there was no diversity of citizenship when they added them on 18 March 2003. The Plaintiffs contended that they added the Griffin Defendants solely because Hatfield had filed interrogatory responses stating that he was not the cause of the four-car accident and that the Griffin Defendants could be partially at fault. Hatfield stated that he did not know if he hit

4

the Plaintiffs' car before or after Raymond's car hit his truck, alleging some fault upon the Griffin Defendants as well as on the unidentified driver who had caused the Plaintiffs to stop in the first place. The Plaintiffs contended that this testimony was contradicted by Raymond's testimony as to what happened, creating a genuine issue of material fact making the Griffin Defendants necessary parties. They further contend that dismissing the Griffin Defendants would unfairly prejudice the Plaintiffs because the allocation of fault is mandatory for the trier of fact regardless of whether the Griffin Defendants are in this suit. The lack of the Griffin Defendants, the Plaintiffs argue, would create the "empty chair" defense at trial for the remaining defendants. The Plaintiffs further argue that, because this court previously found that their claim against the Griffin Defendants has not prescribed, should the Griffin Defendants be dismissed, the Plaintiffs will lose all of their rights against them in a subsequent state court suit should a jury determine fault against the Griffin Defendants. See LA. CIV. CODE ANN. art. 2323 (West 2005). The Plaintiffs argued that this court should remand considering that joinder has already been made, that they have not purposefully named the Griffin Defendants to defeat diversity because they were named to ensure full recovery of all damages and to prevent the allocation of fault to the "empty chair", the significant injury and inequities it would cause the Plaintiffs, and that dismissing the Griffin Defendants would require dual actions in state and federal court. See Sharp v. Kmart Corp., 991 F. Supp. 519 (M.D. La. 1998).

On 28 June 2005, the Griffin Defendants filed a Memorandum [#68], confirming through an affidavit that both Raymond and Barbara Griffin were Louisiana citizens at all

5

relevant times, summarily adopting the Plaintiffs' Memorandum. On 30 June 2005, Farmers and Hatfield filed their Response [#69], summarily adopting Seacor's Memorandum.

## DISCUSSION

### A. Diversity Jurisdiction and *Sua Sponte* Remand

Federal courts have diversity jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2005). It is well-settled that this statute requires "complete diversity" of citizenship, meaning that a district court does not have diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Once a plaintiff files a state court suit over which federal courts would have diversity jurisdiction, the defendants may remove only by establishing "complete diversity" and the jurisdictional amount in controversy. 28 U.S.C. §§ 1441(b) & 1446 (2005).

In this case, Farmers and Hatfield met their burden establishing diversity jurisdiction at removal and that removal was proper under § 1446. Farmers, a California citizen, and Hatfield, an Arkansas citizen, properly removed the case to this court on 12 October 2001 under diversity. Removal, therefore, was proper under § 1446(a) because Farmers and Hatfield satisfied both the "complete diversity" and amount in controversy requirements under § 1332(a). Neither the amount nor timeliness of removal is in question.[2]

---

[2] Farmers stated in its Petition for Removal [#3] that it sought and received discovery responses from the Plaintiffs on 28 September 2001 that they were seeking $170,717.34. This amount exceeds the jurisdictional amount under § 1446(a) and Farmers timely filed for removal within thirty days of receipt. See 28 U.S.C. § 1446(b) (2005).

As discussed below, after allowing the joinder of the non-diverse Griffin Defendants, this court now may have no option but to remand. In the event, however, that this court can reconsider its order allowing the joinder, the court will determine whether to grant the amendment under a Hensgens analysis. See Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). Thus, should this court permit the joinder, under 28 U.S.C. § 1447(e), this court must remand this case. In the event that the Fifth Circuit decides that this court should not have reconsidered its order, this court *sua sponte* remands this case under § 1447(c) for lack of subject matter jurisdiction. See, e.g., Cobb v. Delta Exps., Inc., 186 F.3d 675, 678 n.8 (5th Cir. 1999) (leaving open the question of whether a court can *sua sponte* reconsider and withdraw a joinder order). Although federal district courts lack the discretion to remand *sua sponte* for purely procedural defects in removal procedure, see In re Allstate Ins. Co., 8 F.3d 219, 223 (5th Cir. 1993), § 1447(c) allows for remands for lack of subject matter jurisdiction at any time either with or without a motion. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 392 (1998) (stating that for removals that are defective for lack of subject matter jurisdiction, "remand may take place without such a motion and at any time."); see also Schexnayder v. Entergy La., Inc., 394 F.3d 280, 283-84 (5th Cir. 2004) (rejecting the defendants' contention that a district court may not remand a case on grounds not stated in the original motion to remand, which the defendants argued was logically indistinguishable from a *sua sponte* motion to remand under § 1447(c)). Finally, even though a district court has discretion to remand a case in which diversity jurisdiction has disappeared, it has no discretion to remand if a federal law claim still exists. See Giles v. NYLCare Health Plans,

Inc., 172 F.3d 332, 338 (5th Cir. 1999).

In this case, because there is a lack of diversity jurisdiction, and not simply a procedural defect, this court is able to remand *sua sponte* for lack of subject matter jurisdiction if there are no federal law claims. There are no colorable federal law claims here because this is a motor vehicle accident case in which the claims are for purely personal injury damages. Thus, assuming *arguendo* that this court lacks the jurisdiction to reconsider its earlier order permitting joinder, this court may *sua sponte* remand this case under § 1447(c) due to lack of subject matter jurisdiction. Regardless of the number of pleadings and the two years that have passed post-joinder, *sua sponte* remand would still be required.

**B.    Post-Removal Amendments Affecting Diversity Jurisdiction**

Federal courts must address jurisdictional questions whenever they are raised and are duty-bound to examine the basis of their subject matter jurisdiction *sua sponte* even if uncontested. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004). Thus, it does not matter that, even two years after the First Amended Petition was filed, no party in this case has questioned this court's diversity jurisdiction (except, of course, after this court discovered the defect and requested briefing). The issue of subject matter jurisdiction is "non-waivable and delimits the power of federal courts." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); McDonal v. Abbott Labs., 408 F.3d 177, 182 (5th Cir. 2005).

In cases removed for diversity, diversity jurisdiction must exist both at the time of filing the state court petition and at the time of removal, both of which are true. See Coury

v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). This, however, is not the end of our inquiry. Though there was complete diversity at removal, the preliminary issue here is whether there is still diversity jurisdiction post-removal and post-joinder of the Griffin Defendants.

Generally, although jurisdiction is determined at the time the suit is filed, the addition of a non-diverse party post-removal *will* defeat diversity jurisdiction. See Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001). The language of § 1447(c) does not mean that this court cannot consider post-removal developments. Id.; 28 U.S.C. § 1447(c) (2005) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). Ordinarily, most post-removal developments, such as the amendment of pleadings to below the jurisdictional amount or a change in the citizenship of a party, will not divest the court of jurisdiction, but the addition of a non-diverse defendant will. Doleac, 264 F.3d at 477; Cobb v. Delta Exps., Inc., 186 F.3d 675, 677 (5th Cir. 1999) (stating that the "post-removal joinder of non-diverse defendants under FED.R.CIV.P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable"); Hensgens v. Deere & Co., 883 F.2d 1179, 1181-83 (5th Cir. 1987) (vacating this court's judgment because it lacked diversity jurisdiction after allowing the post-removal addition of a non-diverse, dispensable defendant and remanding for consideration of whether justice requires the amendment of the complaint). Thus, after this court allowed the Plaintiffs to join the non-diverse Griffin Defendants, complete diversity no longer existed

9

and remand was statutorily required under 28 U.S.C. § 1447(e).[3]

In this case, however, *sua sponte* remand without further inquiry is not that simple. First, this case has progressed more than two years after complete diversity was destroyed. But, as stated above, subject matter jurisdiction cannot be waived and, thus, timeliness does not matter. Second, however, Seacor was made a defendant only in the Plaintiffs' Second Amended Petition, more than seven months after the Griffin Defendants were added. Although, after it was added, Seacor made no complaint about the Griffin Defendants, Seacor was not given a timely opportunity to contest their joinder as suggested by § 1447(e). See also Cobb, 186 F.3d at 678 (stating that the defendant has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff seeks to join). Also, as discussed below, this court was required to scrutinize this proposed amendment of non-diverse parties more closely than an ordinary amendment using the Hensgens factors. Thus, to give Seacor and the other defendants an opportunity to contest the joinder and to allow for judicial scrutiny, this court's Order [#65] requested briefing. This Order allows reconsideration of the First Amended Petition and joinder [#18] of the Griffin Defendants to determine whether to deny the joinder retroactively or to permit the joinder and remand under a Hensgens analysis or, if inappropriate, under Rules 19 or 20.

---

[3] Additionally, although neither Seacor nor any of the other diverse Defendants have suggested that it should apply, the improper joinder (formerly "fraudulent joinder") doctrine, which is a narrow exception to the complete diversity requirement, does not apply to joinders that occur *post*-removal, such as the joinder in this case. Cobb, 186 F.3d at 677; McDonal v. Abbott Labs, 408 F.3d 177, 183 (5th Cir. 2005).

C.      **The Four Hensgens Factors Used in 28 U.S.C. § 1447(e)**

In Hensgens, the Fifth Circuit presented four factors to be considered when courts are deciding whether to add dispensable in-state parties post-removal. Hensgens v. Deere & Co., 883 F.2d 1179, 1182 (5th Cir. 1987). Courts should consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits in state and federal court, such as: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Id.; Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 473 (5th Cir. 2001) (discussing § 1447(e) and the Hensgens factors). The right to freely amend under Rule 15 does not strictly apply when a plaintiff seeks to add a non-diverse party in a removed diversity case. See Sharp v. Kmart Corp., 991 F. Supp. 519, 521 (M.D. La. 1998). Thus, when faced with a request to add a non-diverse defendant, this court should scrutinize the proposed amendment more closely than an ordinary amendment. See Hensgens, 833 F.2d at 1182.

The second factor, dilatoriness, is the only factor which weighs against the amendment because it appears that the Plaintiffs were dilatory in making their request to amend nearly *seventeen* months after removal. While Hatfield sent his interrogatory answer to the Plaintiffs on 3 April 2003, the Plaintiffs actually sought leave to amend their Petition *beforehand* on 12 March 2003. This indicates that the Plaintiffs received notice of Hatfield's response earlier than 3 April 2003 or else that they suspected that the Griffin Defendants

would be implicated by Hatfield, either by communication from Hatfield's counsel or through the accident report, which apparently listed the Griffin Defendants as witnesses or potentially involved parties. In either event, the Plaintiffs' amendment was dilatory which weighs against permitting the amendment and joinder.

Nevertheless, despite the Plaintiffs' dilatoriness, the balance of the other three factors weighs heavily in favor of granting the amendment. Under the first factor, this court finds that the Plaintiffs are not seeking an amendment simply to defeat federal jurisdiction. As long as the Plaintiffs state a colorable claim against the non-diverse defendants, the principal purpose is not to destroy diversity jurisdiction. See Cobb v. Delta Exps., Inc., 186 F.3d 675, 678 (5th Cir. 1999) (stating that a request to join a party against whom recovery is not possible would never be granted); Noble v. Norfolk Southern Corp., 2003 WL 1618590, *3 (E.D. La. 2003). The Plaintiffs have explained that Hatfield's interrogatory and deposition answers alerted them to the possibility that Hatfield would be blaming the Griffin Defendants for some of his own liability. Up to that point, the Plaintiffs likely expected Hatfield to be the only potential driver-defendant. Indeed, Hatfield's interrogatory and deposition answers state that the Griffin Defendants bear some fault in hitting him first and suggested that the Plaintiffs sue the unidentified driver who made a sudden stop, causing the Plaintiffs to stop their car abruptly, and who fled the scene. Raymond's deposition testimony states the opposite, that Hatfield hit the Plaintiffs first. At this point, the Plaintiffs have a colorable claim against the Griffin Defendants. Thus, this first factor favors granting the amendment.

Under the third factor, significant injury, the Plaintiffs contend that they will suffer

12

prejudice if the Griffin Defendants are dismissed. In addition to the "empty chair" defense at trial, the Plaintiffs argue that they cannot maintain a new action against the Griffin Defendants in state court and, even if they could, it would be wasteful because the facts, law, and parties would all be the same. This court agrees that if the Plaintiffs are not allowed to amend, in contrast to the earlier order denying Allstate's motion to dismiss due to prescription [#36], the Plaintiffs' claims will likely now, nearly five years after the accident, be prescribed. Should the Plaintiffs be forced to re-file in state court, prescription would not be interrupted against the Griffin Defendants in a separate state suit.[4] Without the Griffin Defendants here, it is clear that the Plaintiffs would have no redress against them in state court, significantly injuring them should a jury find Hatfield not liable at all, or not liable for all the damages, and the jury allocates some liability to the Griffin Defendants or the unidentified driver. See LA. CIV. CODE ANN. art. 2323A (West 2005) (stating that "[i]n any action for damages where a person suffers injury, . . . the degree or percentage of fault of all persons causing or contributing to the injury, . . . shall be determined, regardless of whether the person is a party to the action. . . ."). Thus, this third factor weighs in favor of granting the amendment because the Plaintiffs will be significantly injured without it.

Finally, the fourth factor, the equities, also weighs in favor of the amendment.

---

[4] In denying Allstate's motion to dismiss, this court deemed the Griffin Defendants to be joint tortfeasors and ruled that the Plaintiffs' claims against them had not prescribed. See LA. CIV. CODE ANN. art. 2324C (West 2005) ("Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."). This statute, however, implies that interruption of prescription is *only* effective when a party attempts to join additional joint tortfeasors into *one* suit and would not be applicable to interrupt prescription in a separate and subsequent state court suit. Thus, should this court dismiss the Griffin Defendants here, the Plaintiffs' claims against them would more than likely be prescribed should they try to sue them in state court because it would be a separate suit based on the same motor vehicle accident that happened almost five years ago in 2000.

13

Although the interest in maintaining the federal forum of the original diverse defendants must be considered, their interest is outweighed by the interests of judicial economy. Even assuming *arguendo* that the Plaintiffs' claims against the Griffin Defendants have not prescribed, a separate and parallel state court suit involving the same accident, same facts, and nearly all of the same parties and witnesses would be unnecessarily duplicative, wasteful of time and resources, and may lead to inconsistent results. The same can be said for a subsequent contribution suit by Hatfield, should a jury find him liable, against the Griffin Defendants. This was one of the dangers the Fifth Circuit counseled against in Hensgens. This court is convinced that the better course of action is to have all potentially liable parties in one proceeding, especially considering the contradiction between Hatfield and Raymond Griffin as to the sequence of events. Moreover, the Plaintiffs' claims against Hatfield and Farmers, two of the three main diverse defendants, are inextricably intertwined with those against the Griffin Defendants. This fourth factor, the equities, thus weighs in favor of granting the amendment. Three Hensgens factors weigh heavily against the diverse defendants' interests in maintaining the federal forum, therefore, and favor granting the amendment which requires remand under § 1447(e).

**D.     Rules 19, 20, and 21**

Seacor argues that this court should dismiss the Griffin Defendants because they are joint tortfeasors and are, thus, dispensable and unnecessary parties under Rule 19.[5] This

---

[5] Rule 19(a) states that a "person . . . whose joinder will not deprive the court of jurisdiction . . . shall be joined as a party . . . if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the

argument lacks merit. First, as discussed above, Hensgens rejected the rigid distinction of whether a proposed non-diverse party is indispensable under Rule 19 or permissive under Rule 20. Second, even under Rule 19, there appears to be genuine issues of material fact raised by Hatfield's and Raymond's discovery responses and deposition testimony as to the sequence of events of the accident and as to the Griffin Defendants' indispensability.

Hatfield testified that he was not the cause of the accident and cast doubt as to the sequence of events and whether Raymond was at least partially at fault. Hatfield said: "As best as I can recall is the skidding of my truck and trying to veer away. And I don't know – I cannot say whether I was hit first or if I made contact with her first. I don't know." Pls' Mem. on Jurisdiction Pursuant to this Court's Order of June 16, 2005, at 2 (citing Deposition of Jerry Hatfield taken 2 October 2003, at 17, lines 10-14). On the contrary, Raymond's deposition testimony states the opposite in response to the question of whether Hatfield's truck moved forward after he hit it. Raymond testified that: "Well, once I made – it made contact before I even hit the truck, so, I mean, how could it? I mean, it was already on the other car." Id. at 3 (citing Deposition of Raymond taken 8 September 2003, at 32, lines 23-25).[6] Thus, by Hatfield alleging doubt as to the exact sequence of events and by implying

---

person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a). The fact that the joinder of the Griffin Defendants deprived this court of jurisdiction does not affect this court's decision to grant the joinder because 28 U.S.C. § 1447(e) allows this court to permit joinder of non-diverse defendants and then remand.

[6] The Second Amended Petition provides context. Hatfield was allegedly driving a Ford pick-up truck while Raymond was allegedly driving a Mitsubishi Diamante and the Plaintiffs were driving a Mitsubishi Mirage. Second Amended Petition, at 2-3.

that Raymond may have hit him first, causing him to hit the Plaintiffs' car, as well as by Raymond testifying that Hatfield's truck hit the Plaintiffs' car first, the Griffin Defendants became necessary parties needed for a just adjudication under Rule 19(a). In the absence of the Griffin Defendants, complete relief cannot be accorded among those already parties because both Hatfield and the Plaintiffs have doubts as to the sequence of events and the culpability of the Griffins. It is quite conceivable, based on Hatfield's testimony alone, that a reasonable jury could find that the Griffins, or Hatfield's unidentified driver who forced the Plaintiffs to slow down abruptly, are the only liable parties. This would leave the Plaintiffs without complete relief because they could not seek a separate state suit against the Griffins due to the likelihood that a new suit will be prescribed. Furthermore, even if dismissing the Griffin Defendants would not prejudice their rights to contest their percentage of liability in a subsequent contribution suit by Hatfield, should Hatfield be found liable, such a suit would involve the same accident, the same set of facts, and substantially the same witnesses and would, thus, constitute an unnecessary waste of time and resources. In the interests of justice and judicial economy, should a <u>Hensgens</u> analysis not be appropriate, the court finds that the Griffin Defendants are indispensable parties and that their joinder was, and still is, proper, and declines to exercise its discretion under Rule 21 to dismiss them. <u>See</u> <u>McLaughlin v. Miss. Power Co.</u>, 376 F.3d 344, 354 (5th Cir. 2004). Joinder of the Griffin Defendants, therefore, was also proper under Rule 19, and remand is required.

Third, even assuming *arguendo* that Rule 19 joinder is inappropriate or that <u>Hensgens</u>

does not apply, permissive joinder of the Griffin Defendants would be proper under Rule 20,[7] prompting remand. This court acknowledges Seacor's argument that it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in one suit under Rule 19. See Temple v. Synthes Corp., 498 U.S. 6, 7 (1991). Rule 20, however, allows permissive joinder if all of the Plaintiffs' claims against multiple defendants, alleged to be jointly or severally liable, arise out of the same transaction or occurrence and that there is a common issue of fact or law. See Applewhite v. Reichhold Chem., Inc., 67 F.3d 571, 574 n.11 (5th Cir. 1995). Although no party addressed Rule 20, it is clear that the Plaintiffs asserted, and this court agreed, that the Griffin Defendants are joint tortfeasors. It is equally clear that the Plaintiffs' claims against the Griffin Defendants arise out of the same transaction, the accident, as their claims against the rest of the defendants. At least one common question of law or fact will arise in an action including all of these parties. Permissive joinder of the Griffin Defendants under Rule 20, then, would be appropriate even if Rule 19 joinder is not. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) (stating that under the FRCP generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Thus, the court finds that the Griffin Defendants are at least permissive parties under Rule 20 because the claims asserted against them arise out of the

---

[7] Rule 20 permits joinder of multiple defendants in one case "if there is asserted against [the defendants] *jointly*, *severally*, or in the alternative, any right to relief in respect of or arising out of the *same transaction*, occurrence, or series of transactions or occurrences and if any question of law or fact *common* to all defendants will arise in the action." FED. R. CIV. P. 20 (emphasis added).

same accident as the Plaintiffs' claims against Hatfield, Farmers, and Seacor, and common questions of law or fact will arise. Rule 20, therefore, even without Rule 19 indispensability, allows this court permissively to join the Griffin Defendants which requires statutory *sua sponte* remand under § 1447(e).

While the Plaintiffs did not specifically cite to 28 U.S.C. § 1447(e) or Hensgens, they did properly argue for remand based on those factors and cited to district court decisions discussing Hensgens. On the contrary, Seacor failed to cite any statutory or case law authority relating to 28 U.S.C. § 1447(e) or the Hensgens analysis. Seacor, however, did cite case law regarding Rule 21.[8] Seacor's argument, however, that this court should dismiss the Griffin Defendants under Rule 21 lacks merit for three reasons.

First, Rule 21 is wholly inapplicable on its face because this court is *remanding* this case, not *dismissing* it. Second, the plain language in Rule 21 makes it a *discretionary* Federal Rule of Civil Procedure, promulgated by the Supreme Court, not a *mandatory* statute passed by Congress regarding jurisdiction and remand that this court must follow, such as 28 U.S.C. §§ 1332 and 1447. Thus, even if this court were presented with a Rule 21 motion, it would choose not to exercise its discretion. Third, the three main Supreme Court cases presented by Seacor supporting the use of Rule 21 are either inapplicable or easily

---

[8] Rule 21 states that: "Misjoinder of parties is not ground for *dismissal* of an action [because] [p]arties *may* be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . ." FED. R. CIV. P. 21 (emphasis added).

distinguishable from the case at bar.⁹ They deal with allowing appellate courts to use Rule 21 in Newman-Green, not allowing a post-filing change in citizenship in a continuing party-partnership to cure the lack of diversity jurisdiction in Grupo, and holding that it was an abuse of discretion to grant a Rule 12(b)(7) motion to dismiss in Temple because the joint tortfeasors did not need to be joined. None of these cases, however, deals with the issues presented here. On the contrary, the Fifth Circuit precedents cited above are all procedurally or factually on point with this case because they also deal with post-removal amendments of complaints to add non-diverse defendants and statutory remand, not dismissal.¹⁰ Thus, this court sees nothing in Rule 21 making it applicable or requiring it to dismiss the Griffin Defendants just to preserve its jurisdiction.

## **CONCLUSION**

Accordingly, as discussed above, after joining the non-diverse Griffin Defendants, remand under 28 U.S.C. § 1447(e) may be the only option. But assuming *arguendo* that reconsideration of the joinder order is allowed, after a Hensgens analysis, this court permits the amendment and joinder of the Griffin Defendants and remand is statutorily required

---

⁹ See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004); Temple v. Synthes Corp., 498 U.S. 5 (1990).

¹⁰ In all four controlling Fifth Circuit cases cited above, procedurally, the plaintiffs first filed suit in state court, the defendants removed for diversity, and then, post-removal, the plaintiffs amended their complaint to add non-diverse defendants, and factually, the first three all involved motor vehicle accidents with multiple joint tortfeasors. See Hensgens v. Deere & Co., 833 F.2d 1179, 1180 (5th Cir. 1987) (involving a fatal motor vehicle accident with a tractor); Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1025 (5th Cir. 1991) (involving a train hitting a tractor/trailer); Cobb v. Delta Exps., Inc., 186 F.3d 675, 676 (5th Cir. 1999) (involving a motor vehicle accident with a "front-end loader" logging vehicle); Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 473 (5th Cir. 2001) (involving a wrongful death medical malpractice action).

under § 1447(e). Assuming *arguendo* that reconsideration is not an option, the court *sua sponte* remands under § 1447(c) for lack of subject matter jurisdiction. Even if Hensgens does not apply, the court permits joinder of the Griffin Defendants under either Rule 19 or 20 and refuses to exercise its Rule 21 discretion to dismiss them. The Plaintiffs' action against the defendants is, therefore, REMANDED to the 35th Judicial District Court, Grant Parish, Louisiana, for further proceedings due to the lack of subject matter jurisdiction based on the lack of complete diversity. By this ruling, this court is without jurisdiction to make any judgment on the merits of any pending substantive motions, such as Seacor's Motion for Summary Judgment, or the outcome of this case.

    Alexandria, Louisiana

    19 July 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE